UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIK BOWKER, | ) | CASE NO. 1:09 CV 846 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| RONALD BAKEMAN, <u>et al.</u>, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

On April 14, 2009, <u>pro se</u> plaintiff Erik Bowker filed this action pursuant to 42 U.S.C. § 1985 against Assistant United States Attorney Ronald Bakemen, Federal Bureau of Investigation ("FBI") Special Agent Dean Hassman, Attorney Gordon Friedman, Assistant United States Attorney Edward Feran, Magistrate Judge George Limbert, FBI Supervisor John Cain, All Officers of the United States Probation Office for the Northern District of Ohio, United States Deputy Marshal David Kasulones, Tina Knight, the supervisors of Deane Hassman, Physician Sara West, and physician Dustin Gant. In the complaint, plaintiff alleges that his legal materials were "stolen" during a search conducted pursuant to a warrant. He does not specify the relief he requests.

**Background**

Mr. Bowker's complaint is very brief. He contends that Magistrate Judge Limbert signed a warrant permitting federal agents to search some portion of Mr. Bowker's property. He

claims some of his legal materials were confiscated during this search. He indicates that Magistrate Judge Limbert has a history of signing illegal search warrants.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Mr. Bowker fails to state a claim upon which relief may be granted. To establish a violation of 42 U.S.C. § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Mr. Bowker alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by his race.

Moreover, Magistrate Judge Limbert is immune from suits for damages. Mireles

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).


v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Stump, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Mr. Bowker contends that Magistrate Judge Limbert signed a search which he believes is not supported by probable cause. He does not have recourse against the judge for damages for these types of allegations.

There are no allegations against most of the defendants listed in the case caption. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

## Vexatious Litigation

The court takes judicial notice of its own records in observing that this is the

eleventh frivolous lawsuit filed by Erik Bowker in this court.[2] In addition, Mr. Bowker has filed at least fifteen frivolous cases in the United States District Court for the Middle District of Pennsylvania, one case in the District Court for the Eastern District of Pennsylvania, three cases in the District Court for the Middle District of Florida, three cases in the District Court for the Southern District of West Virginia, and two cases in the District Court for the Northern District of Georgia.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[3]

---

[2] See Bowker v. Jacksey, Case No. 1:97 CV 3321; Bowker v,. Eastlake P.D., Case No. 1:99 CV 1360; Bowker v. Hassman, Case No. 1:05 CV 2840; Bowker v. Hassman, Case No. 1:05 CV 2487; Bowker v. Hassman, Case No. 1:05 CV 2488; Bowker v. Western Reserve Transit Authority, Case No. 4:00 CV 1730; Bowker v. United States, Case No. 4:04 CV 982; Bowker v. United States, Case No. 4:04 CV 798; and Bowker v. Hassman, Case No. 1:05 CV 2921. Bowker v. United States, Case No. 4:04 CV 2522 was dismissed pursuant to 28 U.S.C. § 1915(g). Bowker v. Kleckner, Case No. 1:09 CV 228 was clearly filed in the wrong venue.

[3] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In
(continued...)


Mr. Bowker has established a pattern of filing complaints in this court and other federal courts which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. Many of these cases, including the present one, name as defendants the FBI agents who gathered evidence leading to his arrest on charges of interstate stalking, cyberstalking, theft of mail, and telephone harassment, the judicial officers who were assigned to preside over his cases and the victim of his stalking activities. The allegations in these lawsuits often have nothing to do with the named defendants and are clearly filed for the sole purpose of continuing his pattern of harassment.

Accordingly, Erik S. Bowker is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph

---

(...continued)
re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Bowker prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Bowker files, unless and until leave is granted.

**Conclusion**

Accordingly, Mr. Bowker's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Furthermore, Mr. Bowker is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court as set forth in the Memorandum of Opinion and Order. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith.[4]

       IT IS SO ORDERED.


Dated: April 17, 2009                       *s/ James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[4]     28 U.S.C. § 1915(a)(3) provides:

       An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.